IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN SPIEHS, | ) |
| | ) Case No.: 5:23-cv-04107 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LISA LARSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF THE COMMISSION DEFENDANTS' MOTION TO SEVER CLAIMS**

Defendants Lisa Larsen, Courtney Shipley, and incorrectly denominated Defendant, the Lawrence City Commission (the "Commission Defendants"), by and through counsel, and in accordance with Fed. R. Civ. P. 21, submit the following Opening Brief in Support of their Motion to Sever Claims.

**NATURE OF THE MATTER BEFORE THE COURT**

In this lawsuit, Plaintiff, Justin Spiehs, alleges numerous constitutional violations against the Commission Defendants and against the Board of Directors of the Free Public Library of the City of Lawrence, Kansas, Kathleen Morgan, Marc Veloz, Sara Mathews, Erica Segraves, Phillip Howard, and an Unidentified Library Security Guard (the "Library Defendants"). The Complaint alleges causes of action premised on two distinct and separate factual circumstances. First, the Complaint lodges allegations regarding Plaintiff's involvement at Lawrence City Commission public meetings. Specifically, Plaintiff alleges his First Amendment rights were violated at two public meetings on October 11, 2022, and July 18, 2023. *See* Compl. ¶ 34, 43. As a result, Plaintiff asserts numerous as-applied First Amendment claims and a facial challenge to the governing speaking policy implemented at these meetings. The second—and distinct—factual circumstance

relates to two incidents Plaintiff was involved in at the Lawrence Public Library. Plaintiff alleges he was prevented from attending, or physically removed from, two events hosted at the library on May 17, 2023, and June 11, 2023. *See id.* ¶ 64, 75.

The claims asserted against the Commission Defendants should be severed from the claims asserted against the Library Defendants. The incidents involving the Commission Defendants involve Plaintiff attending four public forum meetings and the constitutionality of the Commission's public speaking rules and whether his constitutional rights were violated at these meetings. The incidents involving the Library Defendants involve Plaintiff attending events hosted by the Lawrence Public Library, in which the Commission Defendants were not involved. If this lawsuit were to proceed in the current posture, the Commission Defendants would be prejudiced and face unnecessary inconveniences if they were forced to participate in litigation involving the claims and causes of action that they were not involved with or marginally connected to. The Court should grant this motion and sever the claims asserted against the Commission Defendants from the claims asserted against the Library Defendants.

## STATEMENT OF THE SPECIFIC RELIEF SOUGHT

The Commission Defendants move this Court to sever the claims asserted against them from the claims asserted against the Library Defendants.

## FACTUAL BACKGROUND

I. *Factual allegations involving the Commission Defendants.*

Plaintiff alleges he attended four public meetings hosted by the Lawrence City Commission. On October 11, 2022, Plaintiff alleges he attended a Lawrence City Commission public meeting and offered testimony during the "General Public Comment" portion of the meeting. *Id.* ¶ 34. During this meeting, Plaintiff alleges he was interrupted by Shipley while giving

2

his public comments and was ultimately "required to leave [the] meeting and city hall building by LEO." *Id.* On October 18, 2022, Plaintiff alleges he attended another Lawrence City Commission public meeting. *Id.* ¶ 42. Plaintiff alleges he provided his comments on "rent, his election campaign, taxes, defendant Shipley's SUV, [and] the County's Mill Levy." *Id.* Plaintiff advised that he was allowed to provide his general comments without interruption and was not removed from the meeting. *Id.*

On July 18, 2023, Plaintiff attended another Lawrence City Commission public meeting. *Id.* ¶ 43. Plaintiff alleges that he provided his public comment, was interrupted by Shipley, and was ultimately required to leave the meeting and city hall. *Id.* Finally, on November 7, 2023, Plaintiff attended a Lawrence City Commission public meeting where he, again, provided public comment. *Id.* ¶ 48. At this meeting, Plaintiff alleges that he was able to offer testimony without interruption and without being removed from the meeting. *Id.* ¶ 49. As it relates to these four meetings, the Complaint alleges the Lawrence City Commission implemented rules and procedures to govern during these meetings. *Id.* ¶ 26. The Complaint alleges the policy regarding the "General Public Comment" is unconstitutionally vague. *Id.* ¶ 85, 89. Additionally, although it is relatively unclear, it appears Plaintiff alleges the "Decorum" portion of the policy is also impermissible. *Id.* ¶ 88 ("The restrictions 'slander, speech invasive of the privacy of individuals, unreasonably loud or repetitious speech' are unworkable, unreasonable, and overbroad and vague."). Finally, although Plaintiff does not allege any factual allegations supporting the claim, he alleges his First Amendment rights were violated when the Commission Defendants prevented him from "handclapping." *Id.* ¶ 119.

II.     *Factual allegations involving the Library Defendants.*

In a separate heading of the Complaint, titled "*Incidents at the Lawrence Public Library*" Plaintiff alleges he was prevented from attending, or physically removed from, two events hosted at the library on May 17, 2023, and June 11, 2023. *See id.* ¶ 64, 75. On May 17, 2023, the library hosted an event with Kansas Legal Services to help transgender people change their gender markers on their birth certificates and IDs. The Complaint alleges Plaintiff attended the event with a sign that read "If you have a dick, then you are not a chick." *Id.* ¶ 62. The Complaint further alleges that Plaintiff was confronted by library employees who physically prevented Plaintiff from entering the library's auditorium. *Id.* ¶ 64. On June 11, 2023, the Complaint alleges that the library hosted an event titled "Deja's Reading Rainbow" *Id.* ¶ 67. Plaintiff alleges he attended the event with a sign that stated, "This is Wrong" and "Stop Grooming Kids." *Id.* ¶ 70. Plaintiff alleges that he was initially allowed to attend the event but was ultimately required to leave for allegedly being disruptive. *Id.* ¶ 73. The Complaint alleges that "[w]hatever policy the [Library Defendants] were utilizing to prohibit Mr. Spiehs' entry into the [a]uditorium or to suppress the quiet display of his signs, as applied to Mr. Spiehs was intentional viewpoint discrimination." *Id.* ¶ 150.

## ARGUMENTS AND AUTHORITIES

I.     **Standard of Review**

Fed. R. Civ. P. 21 permits federal courts to sever '[a]ny claim against a party" and proceed with it separately. Under the Rule, a "court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grigsby v. Kane*, 250 F.Supp.2d 453, 456 (M.D. Pa. 2003). "When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and separability of law and logic." *Tab. Exp. Intern., Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D.

4

621, 623 (D. Kan. 2003). "The Court can sever unrelated claims and afford them separate treatment when to do so would be in the interest of some of the parties, would serve the interests of justice, and would further the prompt and efficient disposition of litigation." *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. All Gen. Lines Ins., LLC*, No. 10-02126-JAR-JPO, 2010 WL 4683583, at *6 (D. Kan. Nov. 10, 2010).

II. **It is in all parties' best interests to sever the claims asserted against the Commission Defendants from the claims asserted against the Library Defendants.**

The Complaint asserts causes of action against wholly different defendants and premised on two separate and distinct factual circumstances. The allegations and incidents involving Plaintiff's experiences at the Lawrence City Commission public meetings have no marginal connection to Plaintiff's experiences at the Lawrence Public Library. Because these incidents are wholly distinct and separable factual situations, they are readily severable. *See Wallace B. Roderick Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM, 2011 WL 2174946, at *4 (D. Kan. June 3, 2011) ("[W]hen claims are based 'on an entirely different factual situation from that underlying the plaintiff's claim, they are readily severable.'" (citations omitted)). The analysis of whether Plaintiff's First Amendment Rights and whether the Lawrence City Commission's policies and procedures for public meetings is unconstitutional is entirely different and separate from the analysis of whether Plaintiff's First Amendments rights were violated at the Lawrence City Library. Each situation involves different parties, different facts, different forums,[1] and different criteria implicating the analysis. As a result, the differing factual situations will render the legal analyses wholly distinct and separate.

---

[1] For example, to determine whether the First Amendment has been violated, the Court must examine the nature of the forum at issue. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985). Here, because Plaintiff alleges his First Amendment rights were violated in two wholly separate and distinct locations, it will organically require differing analyses to determine whether these two locations constituted traditional public forums, designated public forums, or non-public forums.

Furthermore, severing the claims and parties will provide convenience and will not prejudice any party. As discussed above, the factual assertions against the Commission Defendants are wholly different from the factual assertions against the Library Defendants. Requiring the Commission Defendants to participate in litigation—such as answer pleadings, attend depositions, promulgate, and respond to discovery—regarding the incidents that occurred at the Lawrence Public Library will only result in prejudice to the Commission Defendants. The Complaint does not allege causes of action against the Commission Defendants stemming from the incidents that occurred at the library; thus, the Commission Defendants are unable to remove themselves from this portion of the litigation. The same is true for the Library Defendants if they were forced to participate in litigation relating to the incidents at the Lawrence City Commission. Severing the claims would provide convenience to all Defendants. Moreover, this will result in no prejudice to Plaintiff. Plaintiff will face no additional hurdles in his prosecution; rather, the status quo will remain unhindered.

## **CONCLUSION**

The claims asserted against the Commission Defendants should be severed from the claims asserted against the Library Defendants. Severance is appropriate because it will provide convenience to the parties and no party will be prejudiced. The Court should sever these claims in accordance with Rule 21.

| | |
|---|---|
| Dated: December 29, 2023 | Respectfully submitted, |

 /s/ Benjamin A. Ramberg
JOHN E. FRANKE                  #13539
BENJAMIN A. RAMBERG  #29498
**FRANKE SCHULTZ & MULLEN, P.C.**
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (Fax)
jfranke@fsmlawfirm.com
bramberg@fsmlawfirm.com

TONI RAMIREZ WHEELR  #18473
RANDALL F. LARKIN         #14184
ZACHARY T. FRIDELL        #27338
**CITY OF LAWRENCE, KANSAS**
City Hall
6 East 6th Street
Lawrence, Kansas, 66044
twheeler@lawrenceks.org
rlarkin@lawrenceks.org
zfridell@lawrenceks.org

**Attorneys for Defendants,
Lisa Larsen, Courtney Shipley, and
the Lawrence City Commission**

<mark><mark></mark></mark>


**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2023, the foregoing was electronically filed using the Kansas Pacer Program, which will send notification of electronic filing to all registered attorneys of record.

 */s/ Benjamin A. Ramberg*
**Attorneys for Defendants,
Lisa Larsen, Courtney Shipley, and
the Lawrence City Commission**