# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN SPIEHS, | ) |
| | ) Case No.: 5:23-cv-04107 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LISA LARSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants Lisa Larsen, Courtney Shipley, and incorrectly denominated Defendant, the Lawrence City Commission, by and through counsel, and in accordance with Fed. R. Civ. P. 8, submits the following Answer to Plaintiff's Complaint, and allege as follows:

### JURISDICTION AND VENUE

1. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and thus, deny the same.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that this Court is the proper venue. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

### THE PARTIES

4. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 4 of Plaintiff's Complaint and thus, deny the same.

5. Defendants admit that Ms. Larsen is a natural person who was the mayor of the City of Lawrence, Kansas, and is currently a Commissioner on the Lawrence City Commission. Defendants deny the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that Ms. Shipley is a natural person who was the mayor of the City of Lawrence, Kansas. Defendants deny the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the Lawrence City Commission is the governing and legislative body of the City of Lawrence, Kansas. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and thus, deny the same.

9. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and thus, deny the same.

10. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and thus, deny the same.

11. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and thus, deny the same.

12. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and thus, deny the same.

13. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and thus, deny the same.

14. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and thus, deny the same.

15. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 15 of Plaintiff's Complaint and thus, deny the same.

## STATEMENT OF FACTS

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and thus, deny the same.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 25 of Plaintiff's Complaint and thus, deny the same.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 27 of Plaintiff's Complaint and thus, deny the same.

28. Defendants admit that written comments are allowed as a part of the General Public Comment portion of Commission meetings. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 28 of Plaintiff's Complaint and thus, deny the same.

29. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 29 of Plaintiff's Complaint and thus, deny the same.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 31 of Plaintiff's Complaint and thus, deny the same.

32. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 32 of Plaintiff's Complaint and thus, deny the same.

33. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 33 of Plaintiff's Complaint and thus, deny the same.

34. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 34 of Plaintiff's Complaint and thus, deny the same.

35. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 35 of Plaintiff's Complaint and thus, deny the same.

36. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 36 of Plaintiff's Complaint and thus, deny the same.

37. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 37 of Plaintiff's Complaint and thus, deny the same.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 39 of Plaintiff's Complaint and thus, deny the same.

40. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 40 of Plaintiff's Complaint and thus, deny the same.

41. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 41 of Plaintiff's Complaint and thus, deny the same.

42. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 42 of Plaintiff's Complaint and thus, deny the same.

43. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 43 of Plaintiff's Complaint and thus, deny the same.

44. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 44 of Plaintiff's Complaint and thus, deny the same.

45. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 45 of Plaintiff's Complaint and thus, deny the same.

46. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 46 of Plaintiff's Complaint and thus, deny the same.

47. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 47 of Plaintiff's Complaint and thus, deny the same.

48. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 48 of Plaintiff's Complaint and thus, deny the same.

49. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 49 of Plaintiff's Complaint and thus, deny the same.

50. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 50 of Plaintiff's Complaint and thus, deny the same.

51. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 51 of Plaintiff's Complaint and thus, deny the same.

52. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 52 of Plaintiff's Complaint and thus, deny the same.

53. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 53 of Plaintiff's Complaint and thus, deny the same.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 56 of Plaintiff's Complaint and thus, deny the same.

57. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 57 of Plaintiff's Complaint and thus, deny the same.

58. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 58 of Plaintiff's Complaint and thus, deny the same.

59. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 59 of Plaintiff's Complaint and thus, deny the same.

60. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 60 of Plaintiff's Complaint and thus, deny the same.

61. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 61 of Plaintiff's Complaint and thus, deny the same.

62. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 62 of Plaintiff's Complaint and thus, deny the same.

63. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 63 of Plaintiff's Complaint and thus, deny the same.

64. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 64 of Plaintiff's Complaint and thus, deny the same.

65. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 65 of Plaintiff's Complaint and thus, deny the same.

66. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 66 of Plaintiff's Complaint and thus, deny the same.

67. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 67 of Plaintiff's Complaint and thus, deny the same.

68. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 68 of Plaintiff's Complaint and thus, deny the same.

69. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 69 of Plaintiff's Complaint and thus, deny the same.

70. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 70 of Plaintiff's Complaint and thus, deny the same.

71. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 71 of Plaintiff's Complaint and thus, deny the same.

72. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 72 of Plaintiff's Complaint and thus, deny the same.

73. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 73 of Plaintiff's Complaint and thus, deny the same.

74. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 74 of Plaintiff's Complaint and thus, deny the same.

75. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 75 of Plaintiff's Complaint and thus, deny the same.

## FIRST CAUSE OF ACTION

Defendants incorporate by reference paragraphs 1 through 75 above as if fully set forth herein.

76. This cause of action was dismissed by virtue of this Court's April 1, 2024, Memorandum and Order, accordingly no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraphs 76–91 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

92. Defendants incorporate by reference paragraphs 1 through 91 above as if set forth fully herein.

93. This cause of action was dismissed by virtue of this Court's April 1, 2024, Memorandum and Order, accordingly no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 93–97 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

98. Defendants incorporate by reference paragraphs 1 through 97 above as if set forth fully herein.

99. Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

107. Defendants incorporate by reference paragraphs 1 through 106 above as if set forth fully herein.

108. This cause of action was dismissed by virtue of this Court's April 1, 2024, Memorandum and Order, accordingly no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 108–116 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

117. Defendants incorporate by reference paragraphs 1 through 116 above as if set forth fully herein.

118. This cause of action was dismissed by virtue of this Court's April 1, 2024, Memorandum and Order, accordingly no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 118–121 of Plaintiff's Complaint.

**SIXTH CAUSE OF ACTION**

122. Defendants incorporate by reference paragraphs 1 through 121 above as if set forth fully herein.

123. Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.

124. The allegations contained in paragraph 124 of Plaintiff's Complaint constitute legal conclusion to which Defendants are not required to either affirm or deny. To the extent a response is required, Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 124 of Plaintiff's Complaint and thus, deny the same.

125. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 125 of Plaintiff's Complaint and thus, deny the same.

126. Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

127. Defendants deny the allegations contained in paragraph 127 of Plaintiff's Complaint.

128. Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint.

130. Defendants deny the allegations contained in paragraph 130 of Plaintiff's Complaint.

131. Defendants are without sufficient information or knowledge to either affirm or deny the allegations contained in paragraph 131 of Plaintiff's Complaint and thus, deny the same.

132. Defendants deny the allegations contained in paragraph 132 of Plaintiff's Complaint.

133. Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

134. Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135. Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

136. Defendants deny the allegations contained in paragraph 136 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

137. Defendants incorporate by reference paragraphs 1 through 136 above as if set forth fully herein.

138. This cause of action, including paragraphs 138–153 are not directed towards these Defendants and has been severed from this case, thus no response is required. To the extent a response is required, Defendants are without sufficient information to either affirm or deny the allegations contained in paragraphs 138 through 153 and thus, deny the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, thus must be dismissed.

2. The Lawrence City Commission public meetings constitute limited public forums for purposes of the First Amendment; accordingly, reasonable restrictions of speech were permitted.

3. The policies and procedures that govern the Lawrence City Commission public meetings were implemented to ensure the government's significant and compelling interest in conducting orderly, efficient, effective, and dignified public meetings.

4. The policies and procedures that govern the Lawrence City Commission public meetings were narrowly tailored to achieve a significant and compelling governmental interest, in that they were implemented to conduct orderly, efficient, effective, and dignified public meetings.

5. If, and when, Defendants prevail, they will seek to recover its legal fees from Plaintiff.

6. Ms. Larsen and Ms. Shipley are entitled to qualified immunity because Plaintiff's constitutional rights were not violated, and his rights were not clearly established at the time of the alleged violation.

7. Defendants affirmatively state that there was no retaliatory action directed towards Plaintiff sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

8. Defendants affirmatively state that Plaintiff's First Amendment rights were not adversely affected by retaliatory conduct because Plaintiff has failed to demonstrate the existence of retaliatory conduct by Defendants.

9. Ms. Larsen and Ms. Shipley had a significant and compelling interest in fulfilling their duties as public officials on the Lawrence City Commission.

10. Defendants affirmatively state that Plaintiff was not treated differently from others similarly situated; rather, Defendants were implementing the rules and procedures of the Lawrence City Commission public meetings to effectively and efficiently conduct the meetings.

11. The Lawrence City Commission is not a legal entity that is subject to suit because it is a subordinate governmental agency, accordingly, it must be dismissed.

12. Defendants reserve the right to raise additional affirmative defenses as discovery progresses.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all triable issues.

Dated: April 15, 2024                                                   Respectfully submitted,

/s/ Benjamin A. Ramberg
JOHN E. FRANKE         #13539           TONI RAMIREZ WHEELER  #18473
BENJAMIN A. RAMBERG  #29498             RANDALL F. LARKIN        #14184
**FRANKE SCHULTZ & MULLEN, P.C.**       ZACHARY T. FRIDELL       #27338
8900 Ward Parkway                       **CITY OF LAWRENCE, KANSAS**
Kansas City, Missouri 64114             City Hall
(816) 421-7100                          6 East 6th Street
(816) 421-7915 (Fax)                    Lawrence, Kansas, 66044
jfranke@fsmlawfirm.com                  twheeler@lawrenceks.org
bramberg@fsmlawfirm.com                 rlarkin@lawrenceks.org
                                        zfridell@lawrenceks.org

**Attorneys for Defendants,
Lisa Larsen, Courtney Shipley, and
the Lawrence City Commission**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2024, the foregoing was electronically filed using the Kansas Pacer Program, which will send notification of electronic filing to all registered attorneys of record.

 /s/ Benjamin A. Ramberg
**Attorneys for Defendants,
Lisa Larsen, Courtney Shipley, and
the Lawrence City Commission**