# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

LISA LARSEN, *et al*.,

    Defendants.

Case No. 5:23-4107-JAR-BGS

## PHASE II SCHEDULING ORDER

On April 30, 2024, U.S. Magistrate Judge Brooks G. Severson conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Justin Spiehs appeared through counsel, Linus Baker, by phone. Defendants, Defendants Lisa Larsen, Courtney Shipley, and incorrectly denominated Defendants, the Lawrence City Commission, appeared through counsel, Charles H. Cooper, by phone.

The following is a brief summary of the nature of the case:

In Phase I, the Court dismissed Plaintiff's facial vagueness claim, as-applied content-and-viewpoint discrimination claim, viewpoint-discrimination claim based on handclapping, and compelled speech claim. The Court did not dismiss Plaintiff's facial and as-applied forum status claims, retaliation claim, and equal protection claim. These claims remain in the case for Phase II.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **May 30, 2024** |
| Defendant's settlement counter-proposal | **June 13, 2024** |
| Jointly filed confidential settlement reports to magistrate judge | **June 27, 2024** |

| Motions to amend | **May 14, 2024** |
|---|---|
| Mediation completed | **T/B/D** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **September 2, 2024** |
| Proposed pretrial order due | **October 2, 2024** |
| Pretrial conference | **October 16, 2024  2:00 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **November 15, 2024** |
| Trial — ETT 4 days | **T/B/D** |

**1.    Alternative Dispute Resolution (ADR).**

The parties view this case very differently but agree to a settlement conference with the magistrate judge. Toward that end, Plaintiff must submit a good-faith settlement proposal to defendant by **May 30, 2024**.  Defendant must make a good-faith counter-proposal by **June 13, 2024**.  Any offer or demand will be treated as confidential and not shared with outside parties. By **June 27, 2024**, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method.  After reviewing the reports, the Court will decide whether to require the parties to participate in a settlement conference.  Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.    Discovery.**

  **a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

  **b.** All discovery must be commenced or served in time to be completed by **September 2, 2024**.

  **c.** The parties agree that principles of comparative fault do not apply.

  **d.** The parties do not anticipate that experts will be used.

  **e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case

  **f.** The parties do not currently have any discovery issues to be resolved.

  **g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> Videos of the events at issue are already in the possession of all parties. Although not anticipated, any videos to be produced in the future will be produced electronically in a form agreeable to all parties and, if reasonably possible, consistent with formatting for videos already in possession of the parties. All other electronically stored discovery will be produced as a PDF printout, except that Plaintiff reserves the right to request that any emails be produced in electronic form. Defendants will then review such requests on a

case-by-case basis. The parties agree to work cooperatively to resolve any such issues with emails to the extent possible.

  **h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

    The parties will adhere to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

  **i.** The parties agree that they will not serve more than 25 interrogatories on any other party without leave of court.

  **j.** The parties do not anticipate the need for depositions, but if after written discovery a party deems it necessary to conduct any depositions, each party will be limited to conducting no more than 3 depositions. Any depositions will be governed by the written guidelines on the court's website: *https://ksd.uscourts.gov/file/843.*

  **k.** The parties' consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

  **l.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are mindful of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.** **Motions.**

  **a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 14, 2024**.

      **b.**      All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **November 15, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

      **c.**      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website: [https://ksd.uscourts.gov/file/326](https://ksd.uscourts.gov/file/326).

      **d.**      Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

      **e.**      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time

that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

4.  **Pretrial Conference, Trial, and Other Matters.**

    a.  Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **October 16, 2024, at 2:00 p.m.** by telephone (conference line 888-363-4747, access code 5407703); however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **October 2, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

    *https://ksd.uscourts.gov/civil-forms*

    b.  The parties expect the jury trial of this case to take approximately four trial days in Kanas City, Kansas. The court will subsequently set this case for trial.

    c.  If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

    *https://ksd.uscourts.gov/civil-forms*

    d.  This scheduling order will not be modified except by leave of court upon a showing of good cause.

    IT IS SO ORDERED.

    Dated April 30, 2024, at Wichita, Kansas.

                                            /S/ BROOKS G. SEVERSON_____
                                            Brooks G. Severson
                                            United States Magistrate Judge