UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

LISA LARSEN, *et al.*,

    Defendants.

Case No. 23-4107-JAR-BGS

# MEMORANDUM AND ORDER
## GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Now before the Court is the Motion for Order Compelling Discovery filed by Defendants Lisa Larsen, Courtney Shipley, and the Lawrence City Commission. (Doc. 71.) Therein, Defendants seek supplemental responses from Plaintiff to Requests for Admissions Nos. 2, 4, 6, 8, 9, 10, 11, and 13, and Defendants' First Interrogatory No. 16. Generally speaking, Defendants contend Plaintiff's answers are "evasive and confusing." (Doc. 72, at 2.) The responses will be more fully discussed in the legal analysis section, below. For the reasons set forth herein, Defendants' Motion to Compel (Doc. 71) is **GRANTED in part** and **DENIED in part**.

I.    **Factual Background.**

This lawsuit results from Plaintiff's attendance at and involvement in two public meetings conducted by Lawrence City Commission occurring on October 11, 2022, and July 18, 2023. Plaintiff alleges his First Amendment rights were violated during those meetings.

The discovery requests at issue were originally served on July 26, 2024, and August 1, 2024. Requests for Admission 2, 4, 6, and 8 ask Plaintiff to admit that Plaintiff does not have evidence that the City of Lawrence had a mask mandate in effect on July 18, 2023 (Request No. 2), that the City of Lawrence controls the library (Request No. 4), that the City of Lawrence controls Unified School

1

District 497 (Request No. 6), and that the City of Lawrence controls mask mandates for the Unified School District 497 (Request No. 8).  (Doc. 71-3, at 1-2.)  Requests Nos. 9-11 asked Plaintiff to admit that he called Mayor Shipley a "Nazi" multiple times before being removed from the October 11, 2022, meeting (Request No. 9); continued speaking during the meeting on October 11, 2022, as Mayor Shipley asked Plaintiff what the City's role was over inflation (Request No. 10); and continued speaking as Mayor Shipley asked him what the City's role was over the NASDAQ (Request No. 11).  (*Id.*, at 2.)  Request No. 13 asks Plaintiff to admit that during the October 11, 2022, meeting, after Plaintiff called Mayor Shipley a Nazi, Mayor Shipley warned Plaintiff about removal, and Plaintiff then called Mayor Shipley a Nazi again.  (*Id.*, at 3.)  Interrogatory No. 16 instructs Plaintiff "[f]or any response to any Request for Admission, for which your answer was anything other than an unqualified admission without objection, provide the reason why you did not admit the request and provide all facts known to you concerning your response."  (Doc. 71-4, at 1, *et seq.*)

      The Court notes that the parties have complied with their duties to confer and to engage the Court for a pre-motion discovery conference, as required by D. Kan. Rules 37.1 and 37.2.  The pre-motion discovery conference occurred on October 1, 2024 (Doc. 67, minute entry), and resulted in supplemental discovery responses from Plaintiff (Docs. 71-3 and -4.)  Defense counsel contacted Plaintiff's counsel on October 16, 2024, contending that certain discovery responses remained inadequate.  Plaintiff's counsel responded the next day, contending that the responses were appropriate and indicating no further supplementation would be forthcoming.  The present motion (Doc. 71) followed on October 25, 2024, with Plaintiff's response in opposition on October 28, 2024 (Doc. 75).  No reply brief was filed by Defendants.

## II.   Legal Analysis.

### A.  Requests for Admission.

Pursuant to Fed. R. Civ. P. 36(a)(1), "a party may serve on any other party a written request to admit ... the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(a). "Requests for admission under the rule serve 'two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" *Chadwell v. United States*, 20-1372-JWB, 2023 WL 6541288, at *3 (D. Kan. Oct. 6, 2023) (citing *Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment)).

The Federal Rules of Civil Procedure provide "extensive" guidance for responding to Requests for Admission. *Zone Five, LLC v. Textron Aviation, Inc.*, No. 20-1059-DDC-RES, 2024 WL 8540335, at *19 (D. Kan. Dec. 11, 2023). Pursuant to Fed. R. Civ. P. 36,

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). The Court will now examine the various Requests for Admissions at issue and determine if Plaintiff's responses comply with the parameters of Federal Rule 36.

**B. Application of Law to Discovery Requests at Issue.**

    **1. Requests for Admission 2, 4, 6, and 8.**

Defendants' Requests for Admission 2, 4, 6, and 8 ask Plaintiff to admit he had no evidence as to the City having a mask mandate on July 18, 2023 (Request No. 2), the City's control of the Library (No. 4), the City's control of USD 497 (No. 6), or the City's control of mask mandates for

3

USD 497 (No. 8). In his supplemental responses, Plaintiff responded to each of these Requests as follows: "The answering party has made reasonable inquiry and the information he knows or can readily obtain is insufficient to enable him to admit or deny." (Doc. 71-3, at 2-3.)

Defendants argue that Plaintiff's responses to these Requests are "evasive." (Doc. 72, at 3.) According to Defendants, such responses are "inadequate because whether Plaintiff possesses evidence of these four issues is something that Plaintiff and his counsel would know" and such a response "undermines the discovery process." (*Id.*) Plaintiff contends that that his responses are "permissible" under Fed. R. Civ. P. 36(a)(4). (Doc. 75, at 1.)

The Court recognizes that it is "permissible" for Plaintiff to state he is unable to admit or deny an inquiry after making a reasonable inquiry. Fed. R. Civ. P. 36(a)(4). The Court finds it disingenuous, however, for Plaintiff to assert that he made a "reasonable inquiry" to himself and is unable to admit or deny whether he knew of or had any evidence of the listed issues. The clear intention of the language of the Rule is for such reasonable inquiry to have been made with another source, not with one's own self. Plaintiff is the only source for a response as to what he did or did not know or whether or not he did or did not have evidence of these issues. Stated another way, a party is required to admit or deny whether they personally have such evidence. Plaintiff either did or did not have evidence as to the City having a mask mandate on July 18, 2023, whether the City controlled the Library, whether the City controlled USD 497, and/or whether the City controlled USD 497's mask mandates. Plaintiff's responses are evasive and an improper attempt to circumvent the purpose of discovery.

Defendants' Motion is, therefore, **GRANTED** as to Requests for Admission 2, 4, 6, and 8. Plaintiff is ordered to provide supplemental responses admitting or denying these Requests within seven (7) days of the date of this Order.

2. **Request for Admission 9.**

Request No. 9 asks Plaintiff to admit that he called Mayor Shipley a "Nazi" multiple times before being removed from the October 11, 2022, meeting. (Doc. 71-3, at 2.) Plaintiff admits that the Mayor was called a "Nazi," but "as to the remaining the answering party has made reasonable inquiry and the information he knows or can readily obtain is insufficient to enable him to admit or deny." (*Id.*)

In their motion, Defendants argue

> Plaintiff admits the term 'Nazi' was used but then fails to specify what he denies about the remainder of the request: that he said it; 2) the date of the meeting; 3) that the word was said more than once; and/or 4) that the word was said before Plaintiff was removed. Is any or all of that what Plaintiff is denying? Is it something else? Without clarification as to what is being denied, the response is vague and confusing.

(Doc. 72, at 3.) Plaintiff responds that Rule 36 does not require him to "justify his response beyond what he stated" because "[t]he only explanation required is one that claims lack of knowledge – and Dr. Spiehs responded within what Rule 36 contemplates." (Doc. 75, at 2.)

For the reasons discussed in the preceding section, Plaintiff's response to Request No. 9 is an improper attempt by Plaintiff to circumvent the purpose of discovery. The Court again finds Plaintiff's response to the Request to be evasive. Plaintiff need not conduct a "reasonable inquiry" with another party to determine whether this Request should be admitted or denied. Plaintiff either personally knows he called Mayor Shipley a "Nazi" multiple times before being removed from the October 11, 2022, meeting or he knows that he did not. Defendants' Motion is, therefore, **GRANTED** as to Request for Admission No. 9. Plaintiff is ordered to provide a supplemental response admitting or denying Request No. 9 within seven (7) days of the date of this Order.

### 3. Requests for Admission Nos. 10, 11, and 13, and Interrogatory No. 16.

Requests Nos. 10 and 11 ask Plaintiff to admit that he continued speaking during the meeting on October 11, 2022, "as Mayor Shipley asked you what the City's role was over inflation"

(Request No. 10) and that Plaintiff continued to speak "as Mayor Shipley asked you what the City's role was over the NASDAQ." (Request No. 11). (Doc. 71-3, at 2.) Plaintiff denied both Requests. (*Id.*) Request No. 13 asks Plaintiff to admit that "at the meeting on October 11, 2022, after you first called Mayor Shipley a Nazi, Mayor Shipley warned you about removal and then you called Mayor Shipley a Nazi again." (*Id.*, at 3.) Plaintiff denied this Request, also. (*Id.*)

Interrogatory No. 16 instructs Plaintiff that, as to any Requests for Admission response that is anything other than an unqualified admission, to "provide the reason why you did not admit the request and provide all facts known to you concerning your response." (Doc. 71-4, at 1.) In response to this Interrogatory, as to Request No. 10, Plaintiff states that "Mayor Shipley did not ask me 'what the City's role was over inflation.'" (Doc. 71-4, at 2.) Plaintiff then quotes the transcript of the hearing, in which Mayor Shipley asks: "Dr. Spiehs, is there some way that we have control, is there some way that this city commission has control over inflation?" (*Id.*) As to Request No. 11, Plaintiff states that "Mayor Shipley did not ask me 'what the City's role was over NASDAQ.'" (Doc. 71-4, at 3.) Plaintiff then quotes the transcript of the hearing, in which Mayor Shipley asks: "Mr. Spiehs, is there some way this city commission has control over the NASDAQ?" (*Id.*) As to Request No. 13, Plaintiff states that "Mayor Shipley did not use or reference the quoted word 'removal' as phrased in that admission." (*Id.*)

Defendants argue that Plaintiff's denials of these Requests for Admission are improper for "relying on a contrived contention that Defendants were attempting to but did not exact quote language when referencing the City's role over inflation and the NASDAQ." (Doc. 72, at 3-4.) Defendants continue that "Plaintiff's attempts to dodge these questions by using quotation marks where they do not exist and are not necessary is an attempt to avoid answering." (*Id.*)

Plaintiff responds that he merely "points out his disagreement as to the language used in the admission request and what was actually said at the meeting. That is not evasive but completely

6

responsive to the interrogatory question." (Doc. 75, at 2.) Plaintiff continues that "[i]t is not [his] fault that the admissions use specific language – as though it were actually used when it was not as pointed out by [Plaintiff]." (*Id.*, at 3.)

The Court is sympathetic to Defendants' contention that Plaintiff is merely trying to be evasive. That stated, Plaintiff's responses are technically accurate. He is correct that "the cited dialogue [from the transcripts] points that out." (*Id.*) Plaintiff is, also, correct that Defendants "have only themselves to blame in re-writing the dialogue in the meetings." (*Id.*) *Cf. Miller v. Holzmann*, 240 F.R.D. 1, 4 (D. D.C. 2006) (holding that "if the request for admission quotes a documents and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not."). Further, in response to Interrogatory No. 16, Plaintiff has specifically and adequately explained why he did not admit Requests for Admission Nos. 10, 11, and 13. Defendants' motion is, therefore, **DENIED** as to Requests for Admission Nos. 10, 11, and 13, and Interrogatory No. 16.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 71) is **GRANTED in part** and **DENIED in part** as more fully set forth herein. Plaintiff is ordered to provide supplemental responses admitting or denying Requests Nos. 2, 4, 6, 8, and 9 within seven (7) days of the date of this Order.

**IT IS SO ORDERED**.

Dated November 6, 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

7