UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

LISA LARSEN, *et al.*,

    Defendants.

Case No. 23-4107-JAR-BGS

# MEMORANDUM AND ORDER
## DENYING MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Plaintiff Justin Spiehs wherein he seeks an Order directing Defendants Lisa Larsen and Courtney Shipley to provide supplemental responses to two interrogatories asking these Defendants to "identify [their] contention[s]" as to the application of the term "fighting words" in certain scenarios. (Doc. 74.) Generally speaking, Plaintiff contends Defendants' answers are nonresponsive. (*Id.*, at 3.) Defendants basically argue that they have no such contentions, so their responses are appropriate. (Doc. 76.) The discovery requests and responses will be more fully discussed in the legal analysis section, below. For the reasons set forth herein, Plaintiff's Motion to Compel (Doc. 74) is **DENIED**.[1]

### I.  Factual Background.

This lawsuit results from Plaintiff's attendance at and involvement in two public meetings conducted by Lawrence City Commission occurring on October 11, 2022, and July 18, 2023. Plaintiff alleges his First Amendment rights were violated during those meetings.

The discovery requests at issue are Plaintiff's Interrogatories Nos. 22 and 23. Interrogatory No. 22 asks Defendants to "[i]dentify [their] contention as to the meaning of 'fighting words' as

---

[1] Plaintiff did not file a reply to Defendants' response brief and the time to do so has expired.

1

applied to speakers at public comment sections at a City Commission meeting specifically explaining each kind or category of emotional or psychological injury is included in that definition." (Doc. 74-1, at 4.) Interrogatory No. 23 asks Defendants "[a]s applied to public speakers at a City Commission meeting, identify your contention as to the meaning of 'fighting words' specifically explaining how to define words that tend to incite the listener to an immediate breach of peace." (*Id.*, at 5.)

The Court notes that, rather than provide an actual definition for "fighting words" and other listed terms, Defendants' initial responses to these interrogatories merely stated that "[t]he referenced words carry their ordinary meaning, which Defendant believes is understood by most people." (Doc. 74, at 2.) After consultation between the parties, a telephone conference with the Court,[2] and previous supplemental responses, Defendants ultimately provided the supplemental responses at issue herein. (Docs. 74-1 and 74-2.)

As to Interrogatory No. 22, Defendant Larsen responded that she "does not recall making any contention as to the meaning of fighting words and so did not have specific categorical breakdowns of that meaning in terms of emotional or psychological injury." (Doc. 74-1, at 4-5.) She continued, however, that "[a]s to the meaning of 'Fighting words,' … it means threatening or attacking words." (*Id.*, at 5.)

Defendant Shipley responded in a similar fashion, stating that she "does not remember having or making a 'contention' about the meaning of fighting words and therefore did not have any emotional or psychological injuries in the mind for such a contention." (Doc. 74-2, at 4.) She then referred Plaintiff to the meaning of "fighting words" contained in her response to Interrogatory No. 21. Therein, Defendant Shipley defined "fighting words" as "words that are threats of physical violence or harm." (*Id.*)

---

[2] The Court notes that the parties have complied with their duties to confer and to engage the Court for a pre-motion discovery conference, as required by D. Kan. Rules 37.1 and 37.2.

Interrogatory No. 23 asks Defendants "[a]s applied to public speakers at a City Commission meeting, identify your contention as to the meaning of 'fighting words' specifically explaining how to define words that tend to incite the listener to an immediate breach of peace." (Doc. 74-1, at 5.) Defendant Larsen responded that she "does not recall making any contention as to the meaning of fighting words" and then, as to her meaning of "fighting words," she referred Plaintiff to her Second Supplemental Answer to Interrogatory No. 21. (*Id.*) That response defined "fighting words" as "threatening or attacking words that have a propensity to cause violence." (*Id.*, at 4.)

Defendant Shipley responded to Interrogatory No. 23 by stating that she "does not remember having or making a contention about the meaning of fighting words," while referring Plaintiff to her response to Interrogatory No. 21 for her meaning of "fighting words." (Doc. 74-2, at 5.) Her response to Interrogatory No. 21 defined the term as "words that are threats of physical violence or harm." (*Id.*, at 4.)

## II.    Legal Analysis.

Pursuant to Fed. R. Civ. P. 37, a party may move the Court for an order compelling responses to that party's interrogatories if they believe incomplete or evasive responses have been given. Fed. R. Civ. P. 37(a)(1), (3), and (4). Contention interrogatories are expressly permitted by Fed. R. Civ. P. 33(a), which states, in relevant part, that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact … ." Fed. R. Civ. P. 33(a)(2). *See also Smith v. TFI Family Servs., Inc.*, No. 17-2235-JWB-GEB, 2019 WL 266234, *2 (D. Kan. Jan. 18, 2019). The purpose of contention interrogatories is to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *1 (D. Kan. July 25, 2007) (quoting *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000)).

The use of language requesting a party opponent's "contention" in an interrogatory indicates the requesting party is directly engaging with the perspective of the opposing party, rather than merely talking past them.  This languages focuses the discussion on the central point of debate or disagreement between the parties.  A party's "contention" can refer to any argument or viewpoint.  A contention interrogatory is focused on eliciting the key factual and legal contentions made by the opposing party.

In the present motion, Plaintiff argues that Defendants' "answers regarding remembering or 'making a contention' are non-responsive." (Doc. 74, at 4.)  Plaintiff does acknowledge, however, that each Defendant "gave a general answer about their understanding of the meaning of 'fighting words' in their respective answers … ." (*Id.*)  Plaintiff continues by arguing that

> interrogatories 22 & 23 drill down deeper with specifics as to their respective understanding.  Do 'fighting words' also carry with it the infliction of some kind of psychological injury?  Does it also equate to inciting to a breach of the peace?  A speaker should know these contours of these defendants respective speech rules.
> To that both refuse to provide their respective interpretations.  Contention interrogatories are not dependent on the idea that the responding individual, in the past, actually had any so-called 'contention' or could 'remember' purportedly having a 'contention.'  The questions seek their respective understanding and interpretation.  Defendants are basically saying 'I don't know' which this Court has rejected such a tactic.

(*Id.*, at 4-5 (citing *DIRECTV, Inc. v. Pallesen*, 2005 WL 1176124, *4 (D. Kan. May 12, 2005).)

In regard to the two interrogatories at issue, Defendants Larsen and Shipley specifically state that they personally did not make the "contentions" enumerated by Plaintiff, but then provide their definition of "fighting words."  Defendants concede that "[i]t was fair for Plaintiff to test whether Defendants have such a contention concerning this case and, if so, ask details about that contention." (Doc. 76, at 2.)  That stated, Defendants assert that "absent such a contention," as Defendants have indicated herein, "Plaintiff provides no legal authority that would force a party to

4

create a new contention." (*Id.*)  Defendants contend that "[n]o further response should be required." (*Id.*)

The Court agrees with Defendants.  Defendants' responses to Interrogatories Nos. 22 and 23 are appropriate.  Plaintiff was specifically asking Defendants to "identify [their] contention[s]" as to the application of "fighting words" in certain scenarios.  Defendants have no such contentions, thus it is appropriate for them to so indicate.  Plaintiff's motion (Doc. 74) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 74) is **DENIED**.

**IT IS SO ORDERED**.

Dated November 20, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge